566 P.2d 93

VANN TOOL COMPANY, a New Mexico Corporation, Plaintiff-Appellee,

v.

Michael P. GRACE, II and Corrine Grace, his wife, Defendants-Appellants.

No. 11216.

Supreme Court of New Mexico.

July 6, 1977.

Lamb, Metzgar, Franklin & Lines, Richard Mantlo, Albuquerque, for defendants-appellants.

Losee & Carson, Chad D. Dickerson, Artesia, for plaintiff-appellee.

OPINION

PAYNE, Justice.

Vann Tool Company brought suit upon a contract against the Graces, who are non-residents of New Mexico. Service of process was obtained by posting the summons at an address in Phoenix, Arizona. The defendants failed to appear and default judgment was entered in favor of Vann Tool. Subsequently the defendants entered an appearance and moved to set aside the judgment. They asserted that they were not "personally" served as required by § 21-3-16, N.M.S.A.1953 (Supp.1975), more commonly known as the "long-arm statute," and that the address where the summons was posted was not their usual place of abode. The court denied the defendants' motions.

The initial question presented is whether or not substituted service of process under the long-arm statute is sufficient to give the court jurisdiction over the defendants. The proper method for obtaining jurisdic-

tion in this instance was by complying with the provisions of § 21–3–16, supra. Subparagraph B of that statute reads:

Service of process may be made upon any person subject to the jurisdiction of the courts of this state under this section by *personally serving the summons upon the defendant* outside this state and such service has the same force and effect as though service had been personally made within this state. (Emphasis added.)

Defendants assert that the statute requires the summons to be placed "in hand" to be personally served. Plaintiffs argue that the use of the phrase "personally serving the summons" merely differentiates between service which would give *in personam* jurisdiction and constructive service which would give *in rem* jurisdiction.

The New Mexico long-arm statute was patterned after a similar Illinois statute. Decisions of the Illinois courts in construing the statute are helpful in defining its scope. *Melfi v. Goodman*, 69 N.M. 488, 368 P.2d 582 (1962). Illinois has held that the long-arm statute reflects the legislative intention to exert jurisdiction over non-resident defendants to the limits permitted by the due process clause. *Ziegler v. Houghton-Mifflin Co.*, 80 Ill.App.2d 210, 224 N.E.2d 12 (1967); *Koplin v. Thomas, Haab & Botts*, 73 Ill. App.2d 242, 219 N.E.2d 646 (1966). Defendants make no argument that out-of-state substituted service by posting exceeds constitutional due process requirements.

■ Although substituted service is not explicitly provided for in New Mexico's long-arm statute, we are of the opinion that the legislature's purpose in adopting the statute was to permit service of process on out-of-state persons in the same manner as process may be served upon residents of the state. The procedure for service of process in New Mexico is outlined in N.M.R.Civ.P. 4 [§ 21–1–1(4), N.M.S.A.1953]. The same procedure will be applied to actions which are brought under § 21–3–16, supra.

■ The remaining issue is whether the substituted service by posting was left at "the usual place of abode" of the defend-

ants. Service of process was shown by a return executed by a deputy sheriff of Maricopa County, Arizona. The return stated:

[T]hat he served the within summons on the 10th day of June, 1976 * * * by posting a copy of said summons on front door of residence, at 1141 E. Bethany Home Road, Phoenix, Arizona * * *.

N.M.R.Civ.P. 4(e)(1), supra, allows substituted service by delivering a copy to a person of sufficient age residing at "the usual place of abode" of the defendant. If no such person be found willing to accept a copy, then service shall be made by posting on the defendant's premises.

Defendants presented testimony that they had not lived at the address indicated in the return of service since December of 1975. Defendants did not disclaim ownership of the home nor did they deny that they were residents of Phoenix, Arizona. Their children had remained at the Phoenix address until about two (2) months prior to the date of service, but no member of the family lived there on June 10, 1976.

Plaintiffs introduced documents showing that defendants had answered a suit filed against them wherein summons had been posted at the same address on May 6, 1976. A document was introduced showing that defendants answered another lawsuit on April 26, 1976, admitting that they were residents of Phoenix, Arizona. A third document showed that defendants admitted residence in Maricopa County, Arizona. These documents were the only evidence presented by the plaintiffs. The trial court found that:

1. Process was served upon the defendants, Michael P. Grace, II and Corrine Grace, his wife, on June 10, 1976, by posting copies of the Summons and Complaint herein on the front door of a residence at 1141 East Bethany Home Road, Phoenix, Arizona.

2. The residence set forth above was the usual place of abode of the defendants, Michael P. Grace, II and Corrine Grace, his wife, on June 10, 1976.

There is no testimony or evidence that 1141 East Bethany Home Road was the

**546**

usual place of abode of the defendants on June 10, 1976. Even if the defendants' evidence is completely discounted, nothing remains in the record to support the court's finding. Had the return of service indicated that the questioned address was defendants' "usual place of abode", the burden would have been upon defendants to persuade the court to the contrary. Under those circumstances the trial court could have disbelieved defendants' evidence and we would have been bound to sustain the finding. This was not the case.

This court recently answered the question of what constitutes the usual place of abode in connection with service under § 21–1–1(4)(e)(1) in *Household Finance Corporation v. McDevitt*, 84 N.M. 465, 466, 505 P.2d 60, 61 (1973), by citing *Williamson v. Taylor*, 96 W.Va. 246, 122 S.E. 530 (1924):

> Under the statute 'the usual place of abode' means the customary place of abode at the very moment the writ is left posted; hence, where the writ is left posted at a former place of abode, but from which defendant had, in good faith, removed, and taken up his place of abode elsewhere, service so had is ineffective and invalid.

Even when we view the evidence in the light most favorable to the plaintiff, the finding by the district court that the address where posting was made was the usual place of abode of the defendants on June 10, 1976 is not supported by substantial evidence.

We reverse the trial court and remand the case with instructions to set aside the judgment for lack of jurisdiction over the defendants.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, J., concur.