SUZANNE BOBKA, Plaintiff-Appellant, *v.* COOK COUNTY HOSPITAL *et al.*, Defendants (Padgett Instrument Company *et al.*, Defendants-Appellees).

First District (1st Division) No. 82—2343

Opinion filed August 22, 1983.

Susan E. Loggans and Margaret M. O'Leary, both of Susan E. Loggans and Associates, of Chicago, for appellant.

McDermott, Will & Emery, of Chicago (Steven H. Hoeft, of counsel), for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff appeals from an order quashing service of summons on defendants Padgett Instrument Company (Padgett) and Kansas City Assemblage Company (Kansas City Assemblage) and dismissing the complaint as to these defendants. On appeal, plaintiff contends (1) her complaint set forth facts showing that defendants are amenable to

jurisdiction in Illinois, and (2) defendants' affidavit in support of their motion did not negate the *prima facie* jurisdictional facts alleged by her.

We affirm.

Plaintiff Suzanne Bobka filed an action in strict liability in tort for damages for injuries sustained during an operation in which skin grafts were taken from her legs. Padgett and Kansas City Assemblage as well as two other surgical instrument manufacturers were added as defendants in plaintiff's fourth amended complaint. The complaint alleged that Padgett and Kansas City Assemblage designed, manufactured, and sold a Padgett Electro-Dermatone and "that strips of skin were removed from [plaintiff's] body through the use of one or more of the following products: Padgett Electro-Dermatone, Brown Electro-Dermatone, Brown Air-Dermatone and Meshgraft II Dermatone." The complaint further stated that the instruments were in unreasonably dangerous conditions when they left the manufacturers' control because they were not equipped with calibrator locks and thus could move during the course of surgery.

Padgett and Kansas City Assemblage filed a special and limited appearance contesting *in personam* jurisdiction. They also moved to quash service of summons and to dismiss those parts of the complaint pertaining to them. In their motion, defendants stated they were not residents of Illinois and plaintiff's complaint did not allege facts establishing that defendants committed a tortious act within this State which would render them amenable to process. After considering plaintiff's opposing motion, the memoranda filed by the parties, and the arguments of counsel during the hearing, the trial court granted defendants' motion.

On appeal, plaintiff contends the trial court erred in quashing service of summons and dismissing the complaint against defendants. She argues that her complaint sets forth facts evidencing the existence of jurisdiction over defendants under the tortious act provision of the long-arm statute (Ill. Rev. Stat. 1981, ch. 110, par. 17(1)(b)). She further contends that defendants' affidavit in support of their motion did not refute the jurisdictional facts alleged in her fourth amended complaint.

■ Initially, we note that plaintiff bears the burden of proof in establishing jurisdiction over defendants. (*Johnston v. United Presbyterian Church in the United States of America, Inc.* (1981), 103 Ill. App. 3d 869, 431 N.E.2d 1275.) Where a plaintiff seeks to hold a nonresident defendant liable, the complaint must allege facts upon which jurisdiction under the long-arm statute is based. (*First National Bank*

*v. Screen Gems, Inc.* (1976), 40 Ill. App. 3d 427, 352 N.E.2d 285, citing *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673, and *Koplin v. Saul Lerner Co.* (1964), 52 Ill. App. 2d 97, 201 N.E.2d 763.) Thus, we must first examine plaintiff's complaint and determine whether a *prima facie* showing of jurisdiction appears therein. The following legal principles are relevant to determining this issue.

■ A court may exercise jurisdiction over a nonresident defendant if the defendant has certain minimum contacts with the State such that the maintenance of the action does not offend traditional notions of fair play and substantial justice. (*World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559; *Johnston v. United Presbyterian Church in the United States of America, Inc.* (1981), 103 Ill. App. 3d 869, 431 N.E.2d 1275; *Coca-Cola Co. v. A. Epstein & Sons International, Inc.* (1980), 89 Ill. App. 3d 253, 411 N.E.2d 917.) If a manufacturer or its distributor directly or indirectly markets a product for use in another State, thereby invoking the benefit and protection of that State's law, it is not unreasonable under the due process clause to subject the manufacturer to suit in that State. (*World-Wide Volkswagen Corp.; Johnston.*) A single transaction may be sufficient to confer jurisdiction, but in each case it is essential that the defendant purposefully avail itself of the privilege of conducting activities within the forum State. (*Coca-Cola Co.*) In *World-Wide Volkswagen Corp.*, the court held that neither the mere presence of the product in a forum State nor the likelihood that a product will find its way into the State is sufficient to establish minimum contacts. Rather, the defendant's conduct in and connection with the State must be such that he should reasonably anticipate being called to defend there.

A careful examination of the complaint in this case reveals no allegations regarding defendants' activities within this State. Plaintiff did not allege that defendants sold products in Illinois or that they in some other manner had minimum contacts with this State. The complaint merely alleged that defendants designed, manufactured and sold the instrument, that the instrument might have been used during surgery, and that the product was unreasonably dangerous. These allegations do not show that defendants invoked the benefit and protection of Illinois law or reasonably anticipated being called to defend themselves here because of their acts within this State.

■ Plaintiff asked this court and the court below to infer from the allegations in the complaint that minimum contacts existed. Specifically, she argues that we may assume that defendants expected their product to be used in Illinois since they introduced the product

into commerce. A similar argument was raised and rejected in *Koplin v. Saul Lerner Co.* (1964), 52 Ill. App. 2d 97, 201 N.E.2d 763, wherein the court stated:

> "It has not been shown that either defendant did an act by which it 'purposefully availed itself of the privilege of conducting activities within the forum State.' It was held in *Hanson v. Denckla*, 357 U.S. 235, [2 L. Ed. 2d 1283,] 78 S. Ct. 1228, that some such act was essential. Instead of showing such a definite act, the plaintiff wanted the trial court to infer from the vague allegations and the general conclusions of his complaint that there were such acts, that Illinois residents had dealt with the defendants and had suffered losses. What he actually wanted was something it would have been unjust to grant. He asked the court to exercise jurisdiction over the defendants in order to determine whether any dealings took place; in other words, he asked the court to exercise *in personam* jurisdiction in a case where, until the jurisdiction was exercised, there were not sufficient facts before the court to determine whether or not jurisdiction existed.

> \*\*\* We believe that it would be offensive to traditional concepts of fair play and substantial justice to compel the defendants, who are not residents of this state, to appear in our courts and to furnish information possibly against their own interests, before it even becomes clear whether our courts have jurisdiction over them or that the plaintiff has a cause of action against them." (52 Ill. App. 2d 97, 106-07, 201 N.E.2d 768.)

Here, too, the requisite minimum contacts have not been shown. We cannot infer jurisdictional acts without violating due process.

For the foregoing reasons, we find the trial court properly granted defendants' motion to quash summons and dismiss the complaint insofar as it relates to them. Because of our decision, we need not address the issue regarding defendants' affidavit in support of their motion.

Judgment affirmed.

GOLDBERG and CAMPBELL, JJ., concur.