680 P.2d 616

**AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellant,**

**Val Montoya, Involuntary Plaintiff,**

v.

**BENDIX CONTROL DIVISION, Defendant-Appellee.**

No. 7022.

Court of Appeals of New Mexico.

March 24, 1984.

236

Larry D. Beall, P.A., Joseph William Reichert, Albuquerque, for plaintiff-appellant.

Mark B. Thompson, III, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiff Aetna Casualty and Surety Company (Aetna), appeals from an order dismissing its amended complaint against Bendix Control Division (Bendix), which sought reimbursement for workmen's compensation benefits paid to Val Montoya, the involuntary plaintiff.

On appeal, Aetna argues that the trial court erred in dismissing Bendix for lack of in personam jurisdiction. We reverse.

Bendix is a manufacturer of component parts for aircraft. On June 24, 1979, Val Montoya was injured when a helicopter in which he was a passenger, crashed near Gobernador, in Rio Arriba County. At the time of the accident, Montoya was acting within the scope and course of his employment with Northwest Pipelines, Inc. (Northwest), which was insured by Aetna. Pursuant to its policy of insurance with Northwest, Aetna paid to Montoya workmen's compensation benefits and medical benefits as a result of his accident. Both Aetna and Northwest filed suit against Bendix and four other defendants seeking reimbursement for the amount of compensation and medical benefits paid on Montoya's behalf.

In their first amended complaint, Aetna and Northwest alleged that:

238

2. Val Montoya, the Involuntary Plaintiff herein, was at all times material hereto an employee of Northwest Pipelines, Inc. and on or about June 24, 1979, was seriously injured in a crash of a Bell 206B Jet Ranger III helicopter N16810, Serial No. 2231, on his return from an inspection site three miles east of Gobernador, New Mexico.

3. Said helicopter was designed, manufactured and maintained by Defendants Bell Helicopter, Inc. * * * and Bendix Control Division, a/k/a Bendix Energy Control Division, all foreign corporations.

Plaintiffs' amended complaint further alleged that Bendix and the other defendants failed to design a helicopter which could be operated and used for the purposes intended, that it was negligently manufactured, and that each of the defendants was strictly liable for the consequences of providing a defective and unreasonably dangerous product.

In addition, the complaint alleged that Montoya's injuries were proximately caused by the negligence and strict liability of Bendix and the other defendants, and that the helicopter was not of merchantable quality.

Bendix filed a motion to dismiss for lack of both personal jurisdiction and personal service. The motion of Bendix was unsworn and was not accompanied by any affidavit contesting under oath the matters alleged in plaintiff's amended complaint. At the hearing on the motion to dismiss, only legal arguments were presented. The trial court granted Bendix' motion and dismissed the plaintiffs' first amended complaint, finding a "lack of personal jurisdiction in the State of New Mexico." The trial court's order of dismissal stated, in part, that there was no evidence of minimum contacts nor that Bendix purposely availed itself of the privilege of conducting activities in New Mexico. The plaintiff Aetna appeals from the dismissal of its actions against Bendix.

During the pendency of this appeal, all the defendants except Bendix settled with the plaintiff and were dismissed as parties to this suit.

I. *Personal Service*

By statute, individuals or entities who are non-residents of New Mexico may be subjected to the jurisdiction of our state courts under the "long-arm" statute. NMSA 1978, § 38–1–16. This statute provides in applicable part:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;

(2) the operation of a motor vehicle upon the highways of this state;

(3) *The commission of a tortious act within this state* * * *. [Emphasis added.]

Aetna's jurisdictional ground is that Bendix committed a "tortious act" resulting in injury to the plaintiff Montoya within this state. Service of process under New Mexico's "long-arm" statute may be made either by personally serving the summons upon the defendant outside this state, Section 38–1–16(B); or by service in the same manner as process may be served upon residents of the state. *Vann Tool Co. v. Grace*, 90 N.M. 544, 566 P.2d 93 (1977); *see also Pope v. Lydick Roofing Co. of Albuquerque*, 81 N.M. 661, 472 P.2d 375 (1970).

In its answer brief, Bendix contends that procedurally Aetna has failed to properly perfect service upon it in the instant cause. Plaintiff conceded a lack of personal service and the record confirms that the only service was service on the secretary of state. The service obtained by Aetna upon Bendix was insufficient.

However, our determination that service of process upon Bendix was deficient is not dispositive of plaintiff's appeal, since insufficiency of service in this case

would not permit the trial court to dismiss the action; rather, it would allow only that the summons be quashed. Thus, the notion, as set forth by Bendix, that the trial court's order dismissing the action may be upheld on the ground that personal service was lacking does not support dismissal of plaintiff's complaint on jurisdictional grounds.

## II. *Personal Jurisdiction*

### A. *Requisites of Pleading*

Bendix contends that Aetna failed to either allege or prove that Bendix was subject to the personal jurisdiction of New Mexico or that Bendix had minimum contacts sufficient to satisfy due process and therefore the trial court was correct in granting the motion to dismiss. Aetna argues that the allegations set forth in its complaint and its assertion that Bendix is a manufacturer of a defective product, which caused an injury to plaintiff within the state, constitutes sufficient allegations to subject Bendix to in personam jurisdiction within this state.

■ Rule 8(a) of the New Mexico Rules of Civil Procedure requires only that the complaint allege venue and a short and plain statement showing that the pleader is entitled to relief, along with his demand for judgment. NMSA 1978, Civ.P.R. 8(a) (Repl.Pamp.1980). There is no general requirement in New Mexico that the complaint allege jurisdiction over the person.

New Mexico's pleading requirements are in contrast to the federal rules, which require allegation of the grounds on which the court's jurisdiction depends. *See* 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 8.07[1] (2d ed. 1983). This is because federal trial courts are courts of limited jurisdiction. Even under the federal rules, however, "there is no requirement that personal jurisdiction be alleged." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1363 (1969).

■ Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he must have certain minimum contacts with it such that the maintenance of the suit does not offend " 'traditional notions of fair play and substantial justice' ". *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Blount v. T D Publishing Corporation*, 77 N.M. 384, 423 P.2d 421 (1966); *see also Bobka v. Cook County Hospital*, 117 Ill.App.3d 359, 73 Ill.Dec. 3, 453 N.E.2d 828 (1983).

■ A pleader seeking to bring a nonresident within the reach of personal jurisdiction of this state's courts under the long-arm statute "must state sufficient facts in the complaint to support a reasonable inference that defendant can be subjected to jurisdiction within the state." 4 *Federal Practice and Procedure* at § 1068; *see also* J. Walden, *Civil Procedure in New Mexico* § 1(b)(3) (1973) ("The general rule is that 'A court need not determine the merits of a cause of action before ascertaining whether it has jurisdiction—it is sufficient if the allegations of the complaint would, if proved, support the action.' ")

■ Thus, although some factual basis for long-arm jurisdiction must be pled, under our liberal rules of pleading the allegation of a tortious act in New Mexico is sufficient for pleading purposes to support an inference of minimum contacts. *See Doolin v. K–S Telegage Company*, 75 Ill. App.3d 25, 30 Ill.Dec. 520, 393 N.E.2d 556 (1979). *Cf. Braband v. Beech Aircraft Corporation*, 51 Ill.App.3d 296, 9 Ill.Dec. 684, 367 N.E.2d 118 (1977). Under our Rules of Civil Procedure, the principal function of a complaint is to give fair notice of the claim asserted. *Malone v. Swift Fresh Meats Co.*, 91 N.M. 359, 574 P.2d 283 (1978); *Pacheco v. Martinez*, 97 N.M. 37, 636 P.2d 308 (Ct.App.1981). In the instant matter, plaintiff's allegations contained in paragraphs 2 and 3 of Count I of the first amended complaint carry a reasonable inference of tortious conduct and minimum contacts for pleading purposes and gave "fair notice" of the nature of Aetna's claim

against Bendix. *See Armijo v. Albuquerque Anesthesia Services,* 101 N.M. 129, 679 P.2d 271 (1984).

## B. *Burden of Proof*

 Allegations of jurisdictional fact in a complaint must be taken as true unless properly challenged by an appropriate pleading or motion, or the allegations are later proved untrue. *Jensen v. McInerney,* 299 F.Supp. 1309 (D.V.I.1969); *Taylor v. Portland Paramount Corporation,* 383 F.2d 634 (9th Cir.1967); *Stern v. Beer,* 200 F.2d 794 (6th Cir.1952). Upon a proper challenge of jurisdiction, the burden then shifts to the plaintiff to support his allegations that a tortious act has been committed in this state and that the defendant has sufficient contacts with the state, by competent proof in the form of affidavit or other sworn testimony. *State ex rel. Anaya v. Columbia Research Corporation,* 92 N.M. 104, 583 P.2d 468 (1978); *see also Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947).

## C. *Proper Challenge of Jurisdiction*

 Challenges attacking the jurisdiction of the court may be made by a motion to dismiss for lack of jurisdiction over the person, a motion to quash service, a motion for summary judgment, or by pleading in a verified answer an affirmative defense of lack of jurisdiction. NMSA 1978, Civ.P.R. 12(b)(2), 12(b)(4), 12(b)(5), 56 and 8(c) (Repl.Pamp.1980); *see also Moore's Federal Practice* at § 12.14 and Official Form 19. In order to negate jurisdictional matters alleged by plaintiff, a proper challenge must contain something in addition to the bare allegations of the motion. NMSA 1978, Civ.P.Rule 7(b) (Repl. Pamp.1980) requires a motion to "state with particularity the grounds therefor"; Bendix' motion did not comply with this requirement. A statement by the defendant under oath by affidavit, or verification of the motion setting forth or verifying acts which support defendant's claims of lack of minimal contacts in the jurisdiction, is sufficient. *See State ex rel. Anaya v.*

*Columbia Research Corporation,* (verified motion); *Kutner v. DeMassa,* 96 Ill.App.3d 243, 51 Ill.Dec. 723, 421 N.E.2d 231 (1981) (affidavit in support of motion to quash); *Taylor v. Portland Paramount Corporation,* 383 F.2d at 639 (affidavit in support of motion to dismiss); *Attwell v. LaSalle National Bank,* 607 F.2d 1157 (5th Cir. 1979) (affidavit in support of motion to dismiss and to quash service).

The issue here is whether an unverified motion to dismiss not supported by affidavits, or other sworn testimony is a proper challenge to plaintiff's allegations of jurisdictional facts.

 In reviewing challenges to jurisdiction under our state's long-arm statute, two levels of analysis are necessary. First, the court must determine whether plaintiff has alleged an event in New Mexico, *see* Section 38–1–16, so as to subject defendant to that statute. *Cf. Mergenthaler Linotype Company v. Leonard Storch Enterprises, Inc.,* 66 Ill.App.3d 789, 23 Ill.Dec. 352, 383 N.E.2d 1379 (1978); *Tarango v. Pastrana,* 94 N.M. 727, 616 P.2d 440 (Ct. App.1980). Secondly, if the threshold requirements have been met, the court must determine whether the exercise of personal jurisdiction over the defendant is consistent with the requirements of due process. *Roberts v. Piper Aircraft Corp.,* 100 N.M. 363, 670 P.2d 974 (Ct.App.1983); *Tarango v. Pastrana,* 94 N.M. at 728, 616 P.2d 440.

 In the instant case, at the hearing on the motion to dismiss on jurisdictional grounds, there were no facts before the trial court. Neither side introduced evidence; neither side presented affidavits. The arguments of counsel are not evidence. *Phillips v. Allstate Ins. Co.,* 93 N.M. 648, 603 P.2d 1105 (Ct.App.1979). Aetna rests on its pleading allegation as to Bendix committing a tortious act in New Mexico. In the absence of defendant's supporting affidavit or other testimony under oath contradicting plaintiff's allegations, the allegations must be taken as true and defendant's motion should have been denied. Defendant's motion and the accompanying legal arguments were insufficient to negate

plaintiff's prima facie allegations of jurisdictional facts set forth in the complaint.

The decision of the trial court is reversed. Plaintiff is awarded its costs on appeal.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.