Teri Ann PELTON, Plaintiff,

v.

METHODIST HOSPITAL, and Gurdev
S. Gill, M.D., Defendants.

No. Civ. 97–0998 JP/LFG.

United States District Court,
D. New Mexico.

Nov. 6, 1997.

Kurt Reif, Carlsbad, NM, for Teri Ann Pelton.

R. Alfred Walker, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, for Methodist Hospital.

Alfred L. Green, Jr., Emily A. Franke, Butt, Thornton & Baehr, Albuquerque, NM, for Gurdev S Gill, M.D.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

■ The subject of this Order is Defendant Methodist Hospital's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 12]. The plaintiff is a citizen of New Mexico and the defendant Methodist Hospital is a Texas corporation with its principal place of business in Lubbock, Texas. Under New Mexico law, a plaintiff suing in diversity has the burden of establishing that the requirements for personal jurisdiction over the defendant are met. *See Allen v. Toshiba Corp.,* 599 F.Supp. 381, 387 (D.N.M.1984); *Sanchez v. Church of Scientology of Orange County,* 115 N.M. 660, 663, 857 P.2d 771 (1993).

■ The first step in our inquiry is to determine whether defendant Methodist Hospital has committed an act covered under New Mexico's long arm statute, NMSA 1978, § 38–1–16(A). That statute provides:

Any person ... who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state; [or]

...

(3) the commission of a tortious act within this state[.]

NMSA 1978, § 38–1–16(A). Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based on this section. NMSA 1978, § 38–1–16(C).

■ New Mexico courts have not specifically addressed what amounts to the transaction of business within New Mexico. However, the New Mexico long arm statute was taken from Illinois, and therefore Illinois law is persuasive on its interpretation. *Beh v. Ostergard,* 657 F.Supp. 173, 176 (D.N.M. 1987); *FDIC v. Hiatt,* 117 N.M. 461, 465 n. 4, 872 P.2d 879 (1994). The Illinois courts have

laid out three factors in determining whether certain conduct constitutes transacting business under the long arm statute: (1) who initiated the transaction; (2) where the transaction was entered into; and (3) where the performance was to take place. *Northwestern Sav. & Loan Ass'n v. Home Owners Fed. Sav. & Loan Ass'n*, 706 F.Supp. 28, 29 (N.D.Ill.1989); *Kadala v. Cunard Lines, Ltd.*, 226 Ill.App.3d 302, 168 Ill.Dec. 402, 589 N.E.2d 802, 806–07 (1992). The plaintiff has failed to demonstrate that her transaction with Methodist Hospital meets any of these factors. Methodist Hospital's uncontradicted allegations are that Methodist Hospital did not solicit plaintiff's business or initiate the transaction with plaintiff; that the transaction was entered into in Texas; and that the transaction, in the form of medical procedures and hospital care, was performed in Texas. Consequently, plaintiff has established no basis on which to invest New Mexico with jurisdiction under the "transaction of business" prong of the long-arm statute, NMSA 1978, § 38–1–16(A)(1). *See Gordon v. Tow*, 148 Ill.App.3d 275, 101 Ill.Dec. 394, 498 N.E.2d 718 (1986) (finding that defendant's activities did not amount to "transaction of any business" where defendant initiated the transaction outside Illinois, the agreement was entered into outside Illinois and the contract was to be performed outside Illinois).

■ Nor does an advertisement for nurses placed by the defendant in a Carlsbad, New Mexico newspaper constitute a transaction of business in this State sufficient to support plaintiff's claim of jurisdiction. The ad, which solicits applicants for nursing jobs at the hospital in Lubbock, Texas, states that the defendant offers "comprehensive health care services to our patients in West Texas and Eastern New Mexico." In construing the New Mexico long arm statute, NMSA 1978, § 38–1–16, the New Mexico Court of Appeals has stated "There must be a close relationship between the claimed transaction of business in New Mexico and the cause of action." *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 146–47, 717 P.2d 596 (Ct.App.), *cert. quashed sub nom. Visarraga v. Littlejohn's Equip. Co.*, 104 N.M. 137, 717 P.2d 590 (1986). *Accord Rogers v. 5–Star Management, Inc.*, 946 F.Supp. 907, 911 (D.N.M.

1996). *See Martin v. First Interstate Bank of California*, 914 F.Supp. 473, 476 (D.N.M. 1995). The advertisement in question solicits nurses, not patients. Furthermore, plaintiff has not alleged that she saw the advertisement in the newspaper or that it in any way influenced her to do business with Methodist Hospital. I find that there is no relationship between defendant Methodist Hospital's advertisement in a Carlsbad newspaper seeking applicants for nursing positions and plaintiff's cause of action. Therefore, plaintiff fails to meet the requirements of NMSA 1978, § 38–1–16(A)(1).

■ Plaintiff also fails to show that there is jurisdiction under NMSA 1978, § 38–1–16(A)(3), which requires that Methodist Hospital have committed a tortious act within the state of New Mexico. Plaintiff alleges that she was negligently treated at Methodist Hospital in Lubbock, Texas. Furthermore, in determining where a personal injury has occurred in a tort claim, New Mexico courts generally apply the rule that the tort occurs at "the location of the last act necessary to complete the injury." *Torres v. State*, 119 N.M. 609, 613, 894 P.2d 386 (1995). Plaintiff pleads no facts that would support an assertion that her injury was completed anywhere but Texas. Thus, plaintiff has not met her burden of showing jurisdiction over defendant Methodist Hospital under any portion of the New Mexico long arm statute, NMSA 1978 § 38–1–16.

■ Even if defendant had committed an act covered by the New Mexico long arm statute, jurisdiction over Defendant Methodist Hospital would still have to satisfy due process concerns. The "constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process is whether the defendant purposefully established minimum contacts in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). It is insufficient if the contacts of the non-resident with the state are random, fortuitous, or attenuated, *Keeton v. Hustler Magazine Inc.*, 465

U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), or result from the "unilateral activity of another party or a third person." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Rather, the minimum contacts must have a basis in "some act by which the defendant purposely avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

The transactions between the plaintiff and the defendant which are the subject of this lawsuit took place in Texas. In support of her contention that defendant Methodist Hospital has the constitutionally required minimum contacts with New Mexico, plaintiff asserts that the defendant regularly provides care to patients from New Mexico. However, New Mexico courts have held that there is no personal jurisdiction over out-of-state doctors and hospitals when New Mexico patients leave the state to receive treatment. For example, in *Tarango v. Pastrana*, 94 N.M. 727, 616 P.2d 440 (Ct.App.1980), a New Mexico resident sued a doctor in El Paso. In declining to exercise personal jurisdiction over the doctor, the New Mexico Supreme Court quoted from the Ninth and Second Circuits:

> When one seeks out services which are personal in nature, such as those rendered by attorneys, physicians, dentists, hospitals or accountants, and travels to the locality where he knows the services will actually be rendered, he must realize that the services are not directed to impact on any particular place, but are directed to the needy person himself. While it is true that the nature of such services is that if they are negligently done, their consequences will thereafter be felt wherever the client or patient may go, it would be fundamentally unfair to permit a suit in whatever distant jurisdiction the patient may carry the consequences of his treatment, or the client the consequences of the advice received.

*Id.* at 729, 616 P.2d 440 (quoting Gelineau v. New York University Hospital, 375 F.Supp. 661 (D.N.J.1974).) *Accord Beh v. Ostergard*, 657 F.Supp. 173, 177 (D.N.M.1987). *See Valley Wide Health Services, Inc. v. Graham*, 106 N.M. 71, 73, 738 P.2d 1316 (1987). Furthermore, I find that defendant Methodist Hospital's single advertisement for nursing staff does not constitute the type of "purposeful availment" of the benefits and protections of New Mexico's law that would satisfy the minimum contacts required by due process.

Because I find that the defendant's conduct neither meets the requirements of NMSA 1978, § 38–1–16 nor amounts to constitutionally required minimum contacts with the state of New Mexico, Plaintiff's claims against Methodist Hospital should be dismissed without prejudice.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Methodist Hospital's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 12] is GRANTED and Plaintiff's claims against defendant Methodist Hospital are dismissed without prejudice.