522 P.2d 808

Mary M. FROST, Plaintiff-Appellant,

v.

Thomas O. MARKHAM and Azallee H. Markham, his wife, Defendants-Appellees.

No. 9784.

Supreme Court of New Mexico.

May 24, 1974.

H. E. Blattman, Jay G. Harris, Las Vegas, for plaintiff-appellant.

Roberto L. Armijo, Las Vegas, for defendants-appellees.

## OPINION

STEPHENSON, Justice.

Appellants filed suit in ejectment for possession of 11.93 acres of land. Appellees answered and counterclaimed seeking to quiet their title to the same property. After trial on the merits, judgment was entered quieting appellees' title. This appeal followed.

This is one of those troublesome cases in which there appears to be separate chains of title to the same land based on sharply conflicting evidence. The controversy centers on whether or not the land in question falls within the boundaries of descriptions contained in various documents, plats and judgments. The appellant sought to trace title to the sovereign and appellees to a grantor in possession.

The court made certain findings of fact which are attacked by the appellant. These are:

"1. On October 13, 1965, The Union Land and Grazing Company conveyed certain lands to J. D. Baker which embrace the lands described in the Complaint and in the Counter-Claim.

2. Thereafter, the Baker interest in said lands was conveyed to Plaintiff.

3. The lands involved in this action are located entirely within the tract of land quieted in San Miguel County District Court Cause No. 7948 in the name of Manuelitas Community, containing 6746.-4 acres and specifically within the 167.3 acre tract designated under the name of Tomas F. Apodaca.

4. The Union Land and Grazing Company was adjudged to have no interest in the lands embraced within the Manuelitas Community.

5. Plaintiff has no right, title, or interest in and to the real estate described in the Complaint."

The trial court's decision was based upon the doctrine of res judicata. Appellant asserts these findings are not sustained by substantial evidence. We agree. The Union Land and Grazing Company was indeed in the appellant's chain of title. We construe the quoted findings, particularly numbers three and four to mean that Union Land was adjudged in Case No. 7948 to have no interest in the land within the Manuelitas Community; that this land

was within that grant and the Apodaca tract and, therefore, that the appellant's title failed.

The record shows that the appellees pleaded as an affirmative defense that the appellant's cause of action was barred by the judgment entered in San Miguel County District Court Civil Case No. 14,838–A rendering the issues res judicata. The court file in that case is before us and inspection of it reveals that Union Land was a defendant; that two separate tracts, one of 160 acres and one of 322 acres were involved, and that Union Land disclaimed any interest in those tracts. Whether or not the land with which we are concerned is embraced within either of the tracts described in Case No. 14,838–A, we do not know. Suffice it to say the court's findings do not indicate that it was. In any case, it seems clear that the trial court's decision was not predicated upon Case No. 14,838–A, but rather upon Case No. 7948 and the judgment in that case being res judicata. The trial court took judicial notice of something about Case No. 7948, a subject we shall mention presently. A copy of the judgment in that case, apparently taken from the judgment record book, is before us. The only defendant in that case was one Edward B. Wheeler. An abstract of title in evidence reveals that Mr. Wheeler was a predecessor in title of Union Land with regard to some real estate. He conveyed to Union Land in November, 1917. The decree in Case No. 7948 was entered in March, 1918. Thus, even if we assume that the land with which we are concerned was part of the land so conveyed by Mr. Wheeler to Union Land, the decree in Case No. 7948 does not adjudge that Union Land had no interest in it. Not only was Union Land not a party to that action but Mr. Wheeler had already conveyed at the time of entry of the decree. Some further light might be shed on this mystery by the Case No. 7948 file, but the only documents before us are a copy of the decree and perhaps a plat which we will mention later. Thus, the findings do not sustain the judgment. It is impossible to determine that

the judgment in Case No. 7948 affected Union Land's title or was res, judicata as to the claim of the appellant. This consideration requires reversal of the quiet title decree. Inasmuch as further proceedings will be required below, we will consider other matters raised by appellant.

Further in respect to Case No. 7948, the first mention of that case to be found in the record is in appellees' requested findings of fact which, with one slight variation, were copied by the court as its findings. The only other mention of it appears in the Order Settling Bill of Exceptions where it is said that the court had "taken judicial notice of this Court's Cause No. 7948." Notwithstanding the reference to the "cause" the only thing that appears in the record before us is the decree and a plat. The decree provided that a map showing a survey of the lands involved should be attached to the decree and a copy "posted into the judgment." A plat of the Manuelitas Community is in the record bearing a notation "SMDCT # 7948" which we will assume, for purposes of this opinion, to be the map contemplated by the decree.

■ The procedure followed by the trial court as to judicial notice cannot be approved. By Rule of Civil Procedure No. 44(d)(3) [§ 21–1–1 44(d)(3), N.M.S.A. 1953] district courts are authorized to take judicial notice of official acts of the judiciary of this state. The trial court had an undoubted right to take judicial notice of the proceedings in Case No. 7948. But if judicial notice is taken of a prior judicial proceeding, there should be a clear delineation in the record as to what is being noticed. Writings so noticed should be in the record here so as to permit appellate review.

■ Moreover, a specification of what is being noticed should be clearly and timely stated so that parties affected may have an opportunity to address themselves to such matters. For example, we are concerned here with the res judicata effect of a prior judgment. Counsel need not be

struck dumb simply because a prior judgment is noticed. Judgments may, under certain circumstances, be attacked both directly and collaterally or otherwise explained, and the application of the doctrine of res judicata is not mechanical, being subject to various qualifications, limitations and exceptions. A prior judgment may or may not be an absolute defense and an opposing party should be given a timely opportunity to negate the alleged effect of that judgment. See Escobedo v. Travelers Insurance Company, 197 Cal.App.2d 118, 17 Cal.Rptr. 219 (1961); Flores v. Arroyo, 56 Cal.2d 492, 15 Cal.Rptr. 87, 364 P.2d 263 (1961).

This is a subject that is dealt with in the New Mexico Rules of Evidence. Although those rules were not in effect at the time this case was filed, they nevertheless set forth sound rules recognized by authorities in the field. Rule of Evidence 201 [§ 20–4–201(e) N.M.S.A.1953 (1973 Pocket Supp.)] provides in part:

"(e). Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken."

The Advisory Committee on the Federal Rules of Evidence, upon which our rules are patterned, had this to say about Rule of Evidence 201(e):

"Subdivision (e). Basic considerations of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter to be noticed. The rule requires the granting of that opportunity upon request. No formal scheme of giving notice is provided. An adversely effected party may learn in advance that the judicial notice is in contemplation, either by virtue of being served with a copy of a request by another party under subdivision (d) or through an indication by the judge [or by the court]. * * *"

■ While the record discloses no request by appellant for an opportunity to be heard in respect to the judgment in Case No. 7948, it does not appear that there was any notice of the court's intent to rely on Case No. 7948 as the basis of its decision.

■ Appellant next asserts that the findings made by the court do not sustain its judgment quieting title in the appellees as prayed in their counterclaim. We have said that appellees sought to trace their title to a grantor in possession. Appellant correctly points out that the trial court made no finding with respect to possession which would have sustained that assertion. Appellees requested no such finding. We therefore agree with appellant that the findings do not sustain the decree quieting title. Even if the court's findings constituting an application of res judicata against appellant were sustainable, they would amount to nothing more than a defense to appellant's complaint in ejectment. They would not form the basis for a determination of good title in appellees. For even if appellant should prove ultimately unsuccessful in her ejectment action, title in appellees does not follow absent proof of better title in themselves. The quiet title decree was entered upon appellees' counterclaim as to which they had the burden of proof. It was incumbent upon them to recover on the strength of their own title rather than on any real or fancied weakness in that of their adversary. Komadina v. Edmondson, 81 N.M. 467, 468 P.2d 632 (1970); Heron v. Conder, 77 N.M. 462, 423 P.2d 985 (1967).

The findings made by the court concerning Case No. 7948 and the Apodaca tract, even if sustainable, lend no support to appellees' claim. They trace no title to Mr. Apodaca. Thus the findings cannot sustain the quiet title decree in appellees' favor.

Finally, appellant complains of certain rulings concerning admission of some oral testimony. During cross-examination of one of appellant's witnesses, a surveyor, questions were put as to the content of a certain plat and the location of the disputed land in relation to tracts depicted in it. The plat in question was said to have been of the Manuelitas Community and prepared by a Mr. Morrison. Probably the plat to which counsel referred is the same one that we have previously mentioned, but of this we cannot be sure, since the plat in question was neither admitted nor produced.

In any event, when this subject was touched upon, no showing of the unavailability of the plat having been made, counsel for appellant objected, demanding its production. The objection was overruled, and appellees' counsel was permitted to continue that line of inquiry. While the objection was not as specific as it might have been, [see Rule of Evidence No. 103(a)(1), § 20–4–103(a)(1), N.M.S.A. 1953 (1973 Pocket Supp.)] we believe it sufficiently informed the court that objection was being made to proof of content of a document in violation of the best evidence rule. Cf. Rule of Evidence No. 1002, 1004 [§ 20–4–1002, 1004, N.M.S.A. 1953 (1973 Pocket Supp.)]. The Rules of Evidence, so far as pertinent, merely restate the law on the subject as it then existed.

In our opinion the court erred in admission of this testimony. Even if we assume the plat in question was part of the court file in Case No. 7948, the error was not cured for the reasons we have stated regarding judicial notice.

After considering the totality of the proceedings below, we are of the opinion that a new trial should be granted. The judgment is reversed, and the case remanded to the district court for a new trial.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.