670 P.2d 974

Velda ROBERTS, Individually, as representative of the estate of Jerry Dean Roberts, and as Next Friend of Kerri Roberts, a Minor, Randall R. Roberts and Bobby D. Roberts, Plaintiffs-Appellants,

v.

PIPER AIRCRAFT CORPORATION, Avco Corporation, Avco Lycoming Corporation, Defendants,

and

Custom Airmotive, Inc., B & S Aircraft Parts & Accessories, Scenic Aviation, Defendant-Appellees.

No. 7000.

Court of Appeals of New Mexico.

Sept. 8, 1983.

Robert R. Fuentes, P.A., Corrales, Fisher, Gallagher, Perrin & Lewis, Houston, Tex., for plaintiffs-appellants.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Leland S. Sedberry, Jr., Mark Thompson, III, Albuquerque, for defendant-appellee B & S Aircraft Parts & Accessories.

Johnson & Lanphere, P.C., Donald C. Schutte, Albuquerque, for defendant-appellee Scenic Aviation Services, Inc.

Keleher & McLeod, P.A., Charles A. Pharris, Rebecca A. Houston, Albuquerque, for defendant-appellee Custom Airmotive, Inc.

## OPINION

NEAL, Judge.

The plaintiffs appeal the dismissal of three defendants for lack of personal jurisdiction. We discuss the meaning of "tortious act," as used in our long-arm statute, NMSA 1978, 38–1–16(A)(3), "minimum contacts," and whether the trial court erred when it refused to allow the plaintiffs additional time for discovery of jurisdictional facts.

Jerry Dean Roberts was killed in a plane crash near Albuquerque. This wrongful death action arises out of that crash.

The three dismissed defendants are Scenic Aviation, Custom Airmotive, Inc. and B & S Aircraft, Inc. The plaintiffs allege that Scenic Aviation supplied defective fuel, causing the plane to crash. The plaintiffs also allege that Custom Airmotive and B & S Aircraft negligently repaired the plane, causing it to crash.

None of the three defendants are located in New Mexico. Scenic Aviation is in Nevada. Custom Airmotive is in Oklahoma. B & S Aircraft is in Kansas.

## I. PERSONAL JURISDICTION

■ There is no claim of personal service within the territorial limits of New Mexico. Under the facts here, before New Mexico can exercise personal jurisdiction over the three nonresident defendants two requirements must be met. Our long-arm statute, § 38–1–16(A) must apply, and there must be "minimum contacts" with New Mexico so due process is not violated. *Tarango v. Pastrana*, 94 N.M. 727, 616 P.2d 440 (Ct. App.1980).

### A. "Tortious act"

Section 38–1–16(A) states in part:
**38–1–16. Personal service of process outside state.**

A. Any person, whether or not a citizen or resident of this state, who in per-

son or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;

\* \* \* \* \* \*

(3) the commission of a tortious act within this state;

The plaintiffs contend that all three dismissed defendants committed a "tortious act within this state," § 38–1–16(A)(3). They do not rely on "the transaction of any business in this state," § 38–1–16(A)(1).

The fuel was supplied by Scenic Aviation in Nevada and the repair work was done by Custom Airmotive in Oklahoma and B & S Aircraft in Kansas. Does the fact that the plane crashed in New Mexico mean that a tortious act has been committed within this state? *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761 (1961), interpreted "tortious act." *Tarango* states that our long-arm statute was based on Illinois' and "the interpretation of the Illinois statute by Illinois courts, although not binding, is persuasive."

In *Gray,* a water heater, constructed outside Illinois, exploded and injured the plaintiff in Illinois. The defendant contended that it had not committed a tortious act in Illinois. The court disagreed:

The wrong in the case at bar did not originate in the conduct of a servant physically present here, but arose instead from acts performed at the place of manufacture. Only the consequences occurred in Illinois. It is well-established, however, that in law the place of a wrong is where the last event takes place which is necessary to render the actor liable. Restatement, Conflict of Laws, sec. 377. \* \* \* We think it is clear that the alleged negligence in manufacturing the valve cannot be separated from the resulting injury; and that for present purposes, like those of liability and limitations, the tort was committed in Illinois.

■ No New Mexico case has interpreted "tortious act within this state." *Tarango* discussed only "minimum contacts." We feel the *Gray* interpretation is sound and under the facts of this case we hold that when negligent acts occur outside New Mexico which cause injury within New Mexico, a "tortious act" has been committed within this state.

The defendants contend that their negligence, if any, occurred outside the state and therefore they have not committed a tortious act "within this state." As did the court in *Gray* we reject this narrow interpretation. In our modern commercial world business is often transacted across state lines and products are placed in the stream of commerce for consumption in all fifty states. *Gray* recognizes this. The defendants' interpretation is at odds with modern commercial reality and would severely restrict the power of New Mexico courts.

■ Considering the plaintiffs' complaint in light of *Gray,* the allegations support the conclusion that under § 38–1–16(A)(3) the defendants have committed a tortious act within this state.

B. "Minimum contacts"

■ A state court may exercise personal jurisdiction over a non-resident defendant only if there are "minimum contacts" between the defendant and the forum state. The contacts must be enough so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, Etc.,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ Before personal jurisdiction can be exercised "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The defendant's contacts with the forum state must be such that he should

"reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

### 1. Scenic Aviation

The plaintiffs' argument is that Scenic Aviation sold them defective fuel. They argue that it was foreseeable that bad fuel could cause an accident outside Nevada, where Scenic Aviation is located, and therefore Scenic Aviation should expect to be sued anywhere. This "foreseeability" argument was specifically rejected in *World-Wide Volkswagen.*

*World-Wide Volkswagen* involved an Audi, purchased in New York, which crashed in Oklahoma. The plaintiffs sued the New York dealer and the distributor, World-Wide, which operated in New York, New Jersey, and Connecticut, alleging faulty gas tank location. The plaintiffs argued that cars are mobile, used in interstate travel, and therefore the defendants should expect to be sued in Oklahoma or any other state. The court rejected this argument stating that " '[f]oreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."

The court reaffirmed the proposition that there must be "contacts, ties, or relations" between the non-resident defendant and the forum state before personal jurisdiction may be exercised. In *World-Wide Volkswagen,* the court found no contacts. The defendants closed no sales and performed no services in Oklahoma. They did not solicit business there, nor did the record show that they sold any cars to Oklahoma residents. The defendants did not avail themselves of the privileges and benefits of Oklahoma law.

■ The plaintiffs here argue that it was foreseeable that if Scenic Aviation sold defective fuel in Nevada it should expect to be sued in New Mexico. They argue that it is not unreasonable to subject Scenic Aviation to personal jurisdiction within a radius of one tank of fuel. While this argument has a certain logic, it must be rejected.

*World-Wide Volkswagen* is clear: without minimum contact with the forum state, foreseeability alone does not warrant personal jurisdiction over a non-resident defendant.

■ Here the record is devoid of any contact between Scenic Aviation and New Mexico. Scenic Aviation is a fixed-base operator selling aviation fuel in Las Vegas, Nevada. There is no evidence that Scenic Aviation advertises in New Mexico, or sells fuel to New Mexico residents. Without "contacts, ties, or relations" with New Mexico the fact that fuel sold by Scenic Aviation found its way into our state does not support a valid exercise of personal jurisdiction. *World-Wide Volkswagen.*

### 2. Custom Airmotive

■ Before the plane's flight through New Mexico, the engines of the plane were shipped from Texas to Custom Airmotive in Oklahoma for repair. It is alleged that the work was faulty and caused the crash.

Unlike Scenic Aviation, Custom Airmotive has contacts with New Mexico. It advertises in *Trade-A-Plane* and *Aircraft Mechanic Journal,* national trade journals. The affidavit of Norman Lickteig, President of Custom Airmotive, indicates that Custom Airmotive has performed work for New Mexico residents. He states:

6. Custom Airmotive, Inc. has, on limited occasions, performed aircraft repair and overhaul operations for residents of the State of New Mexico * * *.

\* \* \* \* \* \*

\* \* \* Prior to the accident alleged in this suit, Custom Airmotive did advertise in national aircraft publications, namely *Trade-A-Plane,* and *Aircraft Mechanic Journal,* which publications your Affiant is informed to believe are circulated in the State of New Mexico.

Also, by advertising in trade journals which circulate in New Mexico it has solicited business here. These items are sufficient minimum contacts. It has purposely availed itself of the benefits and protections

of New Mexico law. If a New Mexico customer refused to pay it could sue in our courts. Because it has performed work for New Mexico residents it "should reasonably anticipate being haled into court" here. *World-Wide Volkswagen.*

Custom Airmotive points to contacts that are missing and ignores those that exist. It argues that the work for New Mexico residents is minimal, and that it does not have a telephone listing here. It argues that when it does repair work for New Mexico customers the customer is required to ship the aircraft component to it in Oklahoma. These were not all of the contacts. Here we have enough contact to justify personal jurisdiction.

Whether or not personal jurisdiction exists is fundamentally a question of fairness. Is it "reasonable * * * to require the corporation to defend the particular suit which is brought [in the forum state]"? *International Shoe.* Here Custom Airmotive receives revenue from New Mexico and avails itself of the protection of our laws. Because it does repair work for New Mexico residents, it is not at all unreasonable or unfair for it to defend here.

### 3. B & S Aircraft

B & S Aircraft, in Kansas, worked on the plane's hydraulic pumps. It is alleged that faulty repair caused the crash.

On April 6, 1983, Judge Wood entered an order to correct the record on appeal and ordered that certain items in a companion case be included in the record on appeal. One of the items was the deposition of the president of B & S, which established that B & S has repaired aircraft components shipped by New Mexico residents to B & S. This deposition would establish "minimum contacts", however, it was never introduced into evidence at the summary judgment hearing. In his order, Judge Wood was relying on plaintiffs' counsel's representation that "those items were omitted by error or accident from the Record on Appeal." *See* NMSA 1978, Civ.App.R. 8(f). That representation was incorrect. On January 19, 1983, the trial court entered an order stating:

> [T]he matters designated as "all pleadings, notices of hearing, testimony, depositions, exhibits and all other documents of record" in [the companion case] will not be considered as part of the record in this cause, *except as offered in argument.* (Emphasis added.)

Although plaintiffs' counsel referred to the deposition of the president of B & S, it was never offered at the hearing.

In a summary judgment hearing the trial court may properly consider only those depositions before it. Also, if counsel desires the court to take judicial notice of another judicial proceeding there should be a clear delineation in the record as to what is being noticed. *See Frost v. Markham,* 86 N.M. 261, 522 P.2d 808 (1974). Because the deposition of the president of B & S was never offered to the trial court it cannot be relied upon on appeal. Without that deposition, the plaintiffs' have not demonstrated that personal jurisdiction over B & S can properly be exercised.

### II. DISCOVERY

The plaintiffs contend that the trial court erred when it refused to allow them additional time to discover jurisdictional facts. They argue that because they made a motion for production of documents under NMSA 1978, Civ.P.R. 34 (Repl.Pamp.1980), they were entitled to thirty days for discovery, and that the hearing on the motion to dismiss was held before the thirty days expired.

Because we have decided that Custom Airmotive is subject to our jurisdiction, this issue is moot as to it. The record indicates that no motion for production of documents from Scenic Aviation was made. The request was made of Custom Airmotive and B & S Aircraft only. The plaintiffs cannot argue that they were entitled to thirty days for discovery against Scenic Aviation.

We review the trial court's decision limiting discovery only for an abuse of discretion. *Salitan v. Carrillo,* 69 N.M. 476,

368 P.2d 149 (1961). On July 21, 1982 Scenic Aviation made a motion to dismiss for lack of personal jurisdiction. The motion was heard September 3, 1982. As of September 3, 1982 the plaintiffs had not sought discovery against Scenic Aviation although they knew that proof of jurisdiction would be necessary at the hearing. The trial court did not abuse its discretion when it refused to allow more time.

As to B & S Aircraft, the record shows only a motion to produce but nothing more. This was filed only three days before the hearing. Plaintiffs do not specify what this production would have shown or how it could have affected the trial court's ruling. As we have pointed out, plaintiffs apparently had a deposition which they could have offered but failed to do so. Plaintiffs cannot avoid the consequence of their error by seeking to claim lack of discovery, when no attempt, other than the motion to produce, has been called to our attention.

The trial court's dismissal of Scenic Aviation and B & S Aircraft is affirmed. The trial court's dismissal of Custom Airmotive is reversed. Custom Airmotive shall pay the costs of this appeal.

IT IS SO ORDERED.

HENDLEY and BIVINS, JJ., concur.