This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARINERS PAC HOLDINGS, LLC,**

    Plaintiff-Appellee.

**v.**                                                                 **No. 31,715**

**ANDRES CSANYI,**

    Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Valerie Mackie Huling, District Judge

Susan C. Little & Associates, PA
Sandra Slattery
Albuquerque, NM

for Appellee

The Law Office of Anita M. Kelley
Anita M. Kelley
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals from a district court order granting Plaintiff's motion for summary judgment. We issued a calendar notice proposing to reverse. Plaintiff has responded with a memorandum in opposition. Defendant has filed a memorandum in support. We reverse.

Defendant challenges the district court's refusal to permit additional discovery by granting Plaintiff a protective order and proceeding to summary judgment. We review a district court's decision limiting discovery solely on the grounds of abuse of discretion. *See Roberts v. Piper Aircraft Corp.*, 100 N.M. 363, 368, 670 P.2d 974, 979 (Ct. App. 1983). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

Here, Plaintiff's complaint for foreclosure was filed in August 2009. [RP 1] The complaint was dismissed without prejudice in June 2010 for lack of prosecution, and reinstated in September 2010. [RP 40, 55] Plaintiff moved for summary judgment in December 2010. [RP 57] Defendant filed a response in January 2011, challenging the assignment of the promissory note and moving to dismiss for failure to name an indispensable party. [RP 75] In response, Plaintiff indicated that it had sent a file to Defendant with documents supporting assignment of the note. [RP 78] A February 2011 hearing was held on the motion for summary judgment, with the

district court giving Defendant additional time to complete his response, which was then filed in March 2011. [RP 106, 130] In June 2011 Plaintiff moved for a protective order in response to a May 2011 discovery request, noting the procedural history of the case and challenging the attempt to engage in general discovery two years into the litigation. [RP 130] The district court granted the motion. [RP 158]

Defendant has argued that the district court should have permitted additional discovery because he had reason to believe that the original lender may have engaged in fraud. [DS 5] Our calendar notice proposed to agree. We did so primarily on fairness grounds, noting that Defendant was now seeking to challenge the legality of actions of the original lender, in light of subsequent events that have taken place. In its memorandum in opposition, Plaintiff claims that Defendant first raised the fraud claims in his docketing statement. [MIO 3] However, in his response to the motion for the protective order, Defendant argued that the loan was voidable because of suspected fraud. [RP 142] The purpose of our discovery rules is to allow liberal pretrial discovery, so that the trial itself is "a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *In re Estrada*, 2006-NMSC-047, ¶¶ 31-32, 140 N.M. 492, 143 P.3d 731 (internal quotation marks and citation omitted). With fairness in mind, and Defendant's assertions relating to possible criminal

behavior by the original lender, we believe that Defendant should have been permitted additional discovery.  Accordingly, we reverse the district court's order.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**LINDA M. VANZI, Judge**