This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36243

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**NEIL STAMMER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals his conviction of four counts of criminal sexual contact with a minor. On appeal, Defendant argues (1) the district court erred in denying his motion to dismiss for violation of the statute of limitations; and (2) there was insufficient evidence to support charges of criminal sexual contact. Primarily as a result of Defendant's undeveloped factual and legal analysis, we affirm.

### BACKGROUND

**{2}** Defendant was charged with twelve counts related to alleged criminal sexual contact and/or penetration of a sixteen year-old boy who was an employee of Defendant's magic shop. Each instance of abuse took place between November 2, 1996 and May 14, 1999. Before trial, Defendant filed a motion to dismiss in district court alleging that all charges against him were filed over ten years after expiration of the six-year statute of limitations. The State argued that the statute of limitations had not run as (1) it did not begin to run until the victim turned eighteen years of age in November 1999; and (2) the time was tolled, pursuant to NMSA 1978, Section 30-1-9 (1963), when Defendant fled New Mexico in 2000 and did not return until 2014.

**{3}** At the initial hearing on Defendant's motion, the State failed to present evidence regarding Defendant's departure or absence from the state, and as a result the district court reset the hearing stating that the State should at least provide an affidavit or other attachment upon which the district court could make findings of fact. At the reset hearing, the State again did not present witnesses or evidence but instead asked the district court to take judicial notice of a separate motion hearing in a parallel case in which a similar issue was argued and resolved by another district court judge in conjunction with that judge's order denying Defendant's motion to dismiss for violation of right to a speedy trial. The State asked the district court to "make [its] decision based on some of the testimony that came forward at that hearing." Amongst other arguments, Defendant stated that the use of judicial notice was improper because the findings from the parallel case did not "necessarily reflect [Defendant]'s testimony completely[,]" and that "even if the State were to produce a transcript or the [c]ourt h[o]ld that [the judge's] findings were a sufficient substitute, that would be an inappropriate use of my client's own statements in order to provide the proof against him at this subsequent hearing." However, Defendant conceded that he admitted in his prior sworn testimony to "breaking off contact and leaving the state at some point."

**{4}** The district court reserved ruling and later entered an order denying Defendant's motion to dismiss. In it, the district court took judicial notice "that Defendant gave sworn testimony on October 13, 2015, wherein he testified that he left New Mexico on April 13, 2000, and did not return until 2014." The district court reasoned, "[w]hile defense counsel argued that the testimony given by Defendant is subject to reasonable dispute, the testimony was duly sworn and it was never actually disputed that Defendant had left New Mexico." The district court denied the motion to dismiss based on its finding that Defendant was "absent from New Mexico from April 2000 until July 2014" and its conclusion that under applicable statutory authority the statute of limitations was tolled during that time.

**{5}** At trial, the jury found Defendant guilty of four counts of criminal sexual contact of a minor in the third degree (person in position of authority) and one count of bribery of a witness. Defendant appeals from the district court's ensuing judgment and sentence.

**DISCUSSION**

**I.** **Defendant Has Not Demonstrated That the District Court Erred in Taking Judicial Notice of Defendant's Sworn Testimony in Another Case**

{6}    On appeal, under *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 127 and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, Defendant argues that the district court erred in denying his motion to dismiss for violation of the statute of limitations because the State presented no evidence showing that Defendant left New Mexico, precluding the tolling of the statute of limitations. Defendant states only that the district court taking "judicial notice from the judgment and sentence from a prior case against [Defendant was improper because] . . . the facts taken notice of were not of sufficient detail." Defendant offers one case citation in support of his contention, and little factual or legal analysis. The State answers that Defendant failed to "identify anything about the transcript of his own testimony or the judgment in that case that was not sufficiently detailed to permit appellate review" and for that reason Defendant's reliance on *Frost v. Markham*, 1974-NMSC-046, ¶ 7, 86 N.M. 261, 522 P.2d 808, is misplaced.

{7}    "There is a presumption of correctness in the district court's rulings" and it is the claiming party's burden to demonstrate error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (alteration, internal quotation marks, and citation omitted). "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. Further, "[w]e will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Defendant's minimalist assertion that the facts of which the district court took judicial notice do not contain sufficient detail is not an adequate analysis of the law or application of the facts such that this Court can properly consider whether judicial notice was proper under the facts and circumstances of this case. Moreover, the argument fails to address that primarily relied on by the district court: Defendant's uncontroverted testimony under oath that he left New Mexico in 2000 and was gone for over fourteen years. Given Defendant's deficient argument, we only briefly address his singular reliance on *Frost*.

{8}    Defendant cites *Frost* for his assertion that "facts taken notice of must be of sufficient detail to permit appellate review." *See Frost*, 1974-NMSC-046, ¶ 7. *Frost* stated that "if judicial notice is taken of a prior judicial proceeding, there should be a clear delineation in the record as to what is being noticed." *Id.* But Defendant fails to adequately describe how the facts noticed by the district court lack sufficient detail. In the district court's order denying the motion to dismiss, the court identified that it was taking notice of sworn testimony from Defendant from a hearing on October 13, 2015, during which Defendant provided specific testimony about when he left New Mexico and when he returned. Without further clarification from Defendant as to why the information provided was not sufficient under *Frost*, we agree with the State that the district court clearly delineated what it had noticed from the parallel proceeding, specifically, the dates during which Defendant was absent from New Mexico.

**{9}** Because Defendant has failed to demonstrate error on appeal, we presume the district court was correct in taking judicial notice of Defendant's sworn testimony in the parallel proceeding to establish that Defendant was not in the country for a number of years, tolling the statute of limitations. We affirm the district court's denial of Defendant's motion to dismiss.

## II. Sufficient Evidence Supported the Charges Against Defendant

**{10}** When reviewing for sufficiency of the evidence on appeal, "[t]he Court must determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Dowling*, 2011-NMSC-016, ¶ 20, 150 N.M. 110, 257 P.3d 930 (internal quotation marks and citation omitted). Such a review requires the evidence "to be viewed in the light most favorable to the [s]tate, resolving all conflicts and making all permissible inferences in favor of the jury's verdict." *Id.*

**{11}** "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Segura*, 2014-NMCA-037, ¶ 18, 321 P.3d 140, *overruled on other grounds by State v. Ameer*, 2018-NMSC-030, ___ P.3d ___; *see State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764. Defendant argues that the victim testified at trial that he was sixteen or seventeen-years-old when the incidents occurred and that "[t]he ambiguity in [victim's] testimony regarding his age cannot support the jury verdict finding him between twelve and sixteen years of age." In response, the State explained that there was no ambiguity in the victims testimony and that "all of the . . . counts on which Defendant was convicted (Counts 2, 4, 5 and 7) charged that [victim] was thirteen-eighteen-years-old at the time, not twelve-sixteen-years-old." Defendant also states that he "preserved the issue [below] by moving for a directed verdict on Counts 4 and 5, both for [c]riminal [s]exual [p]enetration in the [second] degree (child age between [twelve and sixteen])."[1] But regarding this argument, it is unclear to which counts Defendant is referring.[2] That is because the only charges Defendant faced for criminal sexual penetration in the second degree were the original Counts 1, 2, and 3, all of which were dismissed by directed verdict following trial. The only other charges which include the sixteen years of age limitation were original Counts 4 and 5, for criminal sexual penetration in the third degree (force or coercion). Defendant was found not guilty of the original Count 4, and the original Count 5 was dismissed on directed verdict. As a result of Defendant's undeveloped argument, it appears that the second issue raised by Defendant on appeal is moot and does not require any relief. We refuse to guess at what Defendant's arguments may be and therefore defer to the verdicts below. *See Headley*, 2005-NMCA-045, ¶ 15,

## CONCLUSION

---

1The criminal sexual penetration in the second degree charges include the age range of "child [thirteen] to [sixteen] years old" not "child age between [twelve] and [sixteen]."

2The charges were renumbered before being submitted to the jury after original Counts 1-3 and 5 were dismissed on directed verdict.

**{12}** For the reasons set forth above, we affirm.

**{13}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**