This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42227

ABSOLUTE REALTY as agent
for MICHELLE CANDELARIA-
COOPER and GINA MASCARANES,

      Plaintiff-Appellee,

v.

RACHEL MARTIN,

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Burns Law Group, P.C.
Benjamin Tell Ward
Farmington, NM

for Appellee

New Mexico Legal Aid, Inc.
Taylor A. Bingham
Gallup, NM

for Appellant

## MEMORANDUM OPINION

**HANSIEE, Judge.**

**{1}**    Defendant appeals from the district court's order and judgment. [2 RP 255-57] We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice and Plaintiff filed a memorandum in support, both of which we have duly considered. Unpersuaded by the memorandum in opposition, we affirm.

**{2}** Defendant continues to maintain that the district court erred by affirming "the judgment of the [m]agistrate [c]ourt in an appeal de novo for failure to post an appeal bond." [MIO 4] The district court found that "[a]s no appeal bond was posted by Defendant, the [m]agistrate [c]ourt [j]udgment in the amount of $2,611.00 remains unchanged and shall be paid by Defendant to Plaintiff." [2 RP 255] Defendant states that this finding "directly connects failure to post an appeal bond to an exemption of the amount of the magistrate court judgment from review." [MIO 4]

**{3}** As we noted in our proposed disposition, we do not interpret the district court's order in this manner. [CN 1-2] The district court's order indicates that it found for Plaintiff following an August 16, 2024 trial, and nothing therein indicates that this finding was based on a failure to pay an appeal bond instead of the evidence presented. [2 RP 255] *See City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 9, 311 P.3d 446 ("In a de novo appeal, the general rule is that a district court conducts a new trial as if the trial in the lower court had not occurred."); *Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

**{4}** Defendant next contends that the district court erred in denying her motion to dismiss because Plaintiff lacked standing to sue when "they were not registered under the name '[A]bsolute Realty' with the Secretary of State Corporations Division." [MIO 5] In making this assertion below, Defendant attached a screenshot of the Secretary of State's website with no results appearing for a search containing "absolute realty." [1 RP 148] Plaintiff did not respond to this motion, but the district court denied it orally before trial and did not make any findings as to Plaintiff's standing.

**{5}** "Standing requires injury in fact, causation, and likelihood of redress." *Williams v. Stewart*, 2005-NMCA-061, ¶ 26, 137 N.M. 420, 112 P.3d 281. Defendant does not address any of these three elements in her memorandum in opposition or explain why these elements were not satisfied based on the lease. "This Court has no duty to review an argument that is not adequately developed." *Corona*, 2014-NMCA-071, ¶ 28; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred). Additionally, Plaintiff does not direct us to any authority indicating Plaintiff's corporate status is relevant to this inquiry, and we note that the attachment Defendant submitted below is insufficient by itself to establish Plaintiff's corporate status.

**{6}** Defendant next asserts that the district court erred in denying her motion to dismiss premised on Plaintiff not being a real party in interest because the residence was owned by a living trust and Plaintiff, the property manager, "was not the owner of the property." [MIO 7] Defendant states that Plaintiff was not in a position to discharge Defendant from liability because Plaintiff hypothetically could have accepted Defendant's abatement of rent "and then renege[d] on that abatement at the demand of a property owner." [MIO 8]

**{7}**     We are unpersuaded by this hypothetical, or that our proposed conclusion that Plaintiff was a real party in interest based on the lease was in error. Rule 1-017(A) NMRA provides that "[e]very action shall be prosecuted in the name of the real party in interest; but . . . a party with whom or in whose name a contract has been made for the benefit of another . . . may sue in that person's own name without joining the party for whose benefit the action is brought." Consequently, it was unnecessary for Plaintiff to own the property directly. Further, we conclude that it is immaterial whether Plaintiff was captioned as an agent for Michelle Candelaria-Cooper and Gina Mascarenas or the living trust by which they owned the property. The plain language of Rule 1-017(A) permitted Plaintiff to file the action in its own name and the rule does not state that it was necessary to list the party to whom the lease was benefitting. Consequently, we conclude that the district court did not err in denying the motion to dismiss.

**{8}**     Defendant next contends that the district court erred in granting a motion filed by Plaintiff, which requested that Defendant either pay unpaid rent or be removed from the property. [1 RP 166-68] In her memorandum in opposition, Defendant asserts that, despite not having paid the appeal bond, the district court erred in granting the motion because Plaintiff violated the procedures found in NMSA 1978, Section 47-8-47 (1999) of the Uniform Owner-Resident Relations Act (UORRA) that provide for a stay of execution of a writ of restitution. *See* § 47-8-47(A) ("An appeal by the defendant shall stay the execution of any writ of restitution; provided that in cases in which the resident is the appellant, the execution of the writ of restitution shall not be stayed unless the resident, within five days of the filing of the notice of appeal, pays to the owner or into an escrow account with a professional escrow agent an amount equal to the rental amount that shall come due from the day following the judgment through the end of that rental period."). However, Section 47-8-47 relates to the stay of execution of a writ of restitution while a party appeals a decision under the UORRA. As we noted in the proposed disposition, the district court granted this motion in its final order following trial. [2 RP 255] Thus, even assuming there was a stay in place, the district court never lifted the stay and so any procedural protections Defendant alleges were not followed in Section 47-8-47 are inapplicable to the circumstances of this case. Additionally, Defendant does not allege that a writ of restitution was executed in violation of a stay and nothing in Section 47-8-7 precluded the district court from awarding past due rent that was not paid during the course of the de novo appeal. *Cf.* NMSA 1978, § 47-8-30(A) (1975) ("In an action for possession based upon nonpayment of rent or in an action for rent where the resident is in possession, the resident may counterclaim for any amount which he may recover under the rental agreement or the [UORRA], providing that the resident shall be responsible for payment to the owner of the rent specified in the rental agreement during his period of possession.").

**{9}**     Lastly, Defendant continues to maintain that the district court erred in denying her counterclaims and an affirmative defense. [MIO 11-17] However, Defendant does not appear to address the issue we raised in our proposed disposition, which was that Defendant had not asserted any facts that supported the district court's findings. [CN 4-5] *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 ("[T]he docketing statement should recite any evidence which supports the trial court's

findings."). In denying Defendant's counterclaims and affirmative defense, the district court made several findings, including that "Defendant thwarted any attempts to make repairs within seven days." [2 RP 256] *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and that the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings."). In both her docketing statement and memorandum in opposition, Defendant asserts only that Plaintiff provided no evidence that access to the home "was completely denied" by Defendant. [DS 10; MIO 12] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{10}** Based on the audio logs for the trial located in the written record, both Ms. Candelaria-Cooper and Defendant testified at trial. [1 RP 231-44] Neither Defendant's docketing statement nor the memorandum provide us with a synopsis of Ms. Candelaria-Cooper's trial testimony or any of the other evidence that was introduced that may have been relevant to the district court's findings. *See Four Hills Park Grp., LLC v. Masabarakiza*, 2024-NMCA-047, ¶ 17, 550 P.3d 851 (holding that the appellant had failed to meet his burden on appeal because he had not demonstrated how the lower court had erred "in light of the evidence presented at trial"). Consequently, we affirm the district court's denial of Defendant's counterclaims and affirmative defense. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 NMRA to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted); *Corona*, 2014-NMCA-071, ¶ 26.

**{11}** We note also that it was Defendant's burden to prove her counterclaims. *See Frost v. Markham*, 1974-NMSC-046, ¶ 12, 86 N.M. 261, 522 P.2d 808 (holding that it was the appellees burden to prove their counterclaim). Even assuming Defendant testified to facts supporting her counterclaims as they are stated in the docketing statement, the district court may have found her testimony not credible and that she failed to prove her claims. *See Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82 ("It is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies.").

**{12}** Accordingly, and for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{13}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KATHERINE A. WRAY, Judge**